UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALTERIK BANKS,<br><br>        Petitioner,<br><br>    v.<br><br>WARDEN OF MONROE COUNTY CORRECTIONAL FACILITY, *et al.*,<br><br>        Respondents. | CIVIL ACTION NO. 1:24-cv-00108<br><br>(SAPORITO, J.) |

## MEMORANDUM

Alterik Banks, incarcerated at the Monroe County Correctional Facility in Stroudsburg, Pennsylvania, proceeds on a petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2254. (Doc. 1). Finding that Banks's claims are procedurally defaulted, and he has not demonstrated an appropriate basis for federal review, the Court will dismiss the petition.

### I. Procedural History

In July 2022, Banks was convicted by a jury in the Monroe County Court of Common Pleas on four counts of Indecent Exposure, one count of Corruption of Minor, and one count of Unlawful Contact with Minor. The trial court summarized the prosecution's evidence as follows:

> [T]his court and the jury heard testimony from the victim of Defendant's crimes, as well as the victim's mother. The victim testified that she saw the Defendant expose his penis while he was masturbating in her home's living room, her mother's room, and her little brother's room. According to the victim, even after seeing the victim, Defendant would continue to masturbate. The victim was 16 at the time of the incidents . . . Some of the victim's testimony was corroborated by her mother's testimony. Additionally, the victim's mother authenticated photographs of the Defendant naked in her living room.

(Doc. 20 at 156) (trial court's opinion submitted on appeal pursuant to Pa.R.A.P. 1925(a)) (record citations omitted).

On October 27, 2022, Banks was sentenced to a term of 12 to 36 months in prison and ordered to report to the Monroe County Correctional Facility on November 1, 2022. "Although [Banks] was advised at the sentencing hearing, on the record in open court, of his duty to appear to serve his sentence on November 1, 2022, he failed to surrender to the Monroe County Correctional Facility as ordered." (*Id.* at 147-48). Banks's counsel filed post-sentence motions, but Banks failed to appear for the hearing, and the motions were denied on November 15, 2022, for his failure to appear and failure to surrender. (*Id.*). Banks's counsel filed an appeal, but the Pennsylvania Superior Court quashed the appeal on August 11, 2023, pursuant to Pa.R.A.P. 1972(a)(6), on the

basis that Banks remained "a fugitive." *See Commonwealth v. Banks*, No. 236 EDA 2023 (Pa. Super. Ct.); (Doc. 20 at 5). The Court's review indicates that Banks was taken into custody on or before January 10, 2024, *see Commonwealth v. Banks*, No. MJ-43302-CR-0000610-2022 (Monroe Cty. C.C.P.), and he filed the instant petition from the Monroe County Correctional Facility on January 22, 2024.

Banks's petition asserts five grounds for relief:

- (1) Ineffective assistance of trial counsel, based on Banks providing "video proof of a dispute" with the victim's mother to police, who in turn "lost" the evidence;

- (2) "False accusations" by the victim's mother;

- (3) "Unauthorized access" by the victim's mother to Banks's computer, e-mail, and passwords, allegedly to "target and manipulate evidence against" Banks;

- (4) "Negligence in legal assistance" during the appeal process;

- (5) "Unawareness of warrant," presumably in reference to a bench warrant issued after Banks failed to surrender on November 1, 2022.

A review of the trial court docket indicates that on August 29, 2025, after briefing in this case was completed, Banks filed a Post-Conviction Relief Act ("PCRA") petition. *See Commonwealth v. Banks*, No. CP-45-CR-0001643-2021 (Monroe Cty. C.C.P.). On September 8, 2025, an

attorney was appointed for Banks, and he was granted leave to file an amended PCRA petition. *See id.*

## II. LEGAL STANDARDS

A federal court may not grant relief on habeas claims previously adjudicated on the merits in state court unless that adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding.

28 U.S.C. § 2254(d). Consequently, "state-court judgments must be upheld unless, after the closest examination of the state-court judgment, a federal court is firmly convinced that a federal constitutional right has been violated." *Williams v. Taylor*, 529 U.S. 362, 387 (2000). Any factual findings by the state trial and appellate courts are presumed to be correct, and the petitioner bears the burden of rebutting that presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Eley v. Erickson*, 712 F.3d 837, 846 (3d Cir. 2013).

A state prisoner generally "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete

round of the state's established appellate review procedures." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *see* 28 U.S.C. § 2254(b),(c). A claim has been exhausted when it has been "fairly presented" to the state court, meaning that the court has addressed it on the merits. *Picard v. Connor*, 404 U.S. 270, 275 (1971). The petitioner bears the burden of proving exhaustion of all available state remedies. *Bronshtein v. Horn*, 404 F.3d 700, 725 (3d Cir. 2005) (citing *Toulson v. Beyer*, 987 F.2d 984, 987 (3d Cir. 1993)).

"When a claim is not exhausted because it has not been 'fairly presented' to the state courts, but state procedural rules bar the applicant from seeking further relief in state courts, the exhaustion requirement is satisfied because there is 'an absence of available State corrective process.'" *McCandless v. Vaughn*, 172 F.3d 255, 261 (3d Cir. 1999) (citing § 2254(b)). In that case, the court can consider the petition only if the petitioner shows "cause and prejudice" for the default or that a "fundamental miscarriage of justice" will result if the court does not consider the merits. *Coleman v. Thompson*, 501 U.S. 722, 724 (2012). "Cause and prejudice" means that (1) "some objective factor external to the defense impeded counsel's effort to comply with the State's procedural

rule," and (2) the errors at trial worked to Banks's "actual and substantial disadvantage, infecting [the] entire trial with error of constitutional dimensions." *Murray v. Carrier*, 477 U.S. 478, 488, 494 (1986) (quotation and emphasis removed). A fundamental miscarriage of justice is a constitutional error that has "probably resulted in the conviction of one who is actually innocent." *Schlup v. Delo*, 513 U.S. 298, 327 (1995).

## III. DISCUSSION

Banks has not exhausted state remedies, and his claims on direct appeal were forfeited[1] because of his fugitive status. To the extent he would be entitled to federal review of any claims based on an "absence of State corrective process," he would have to show cause and prejudice or a fundamental miscarriage of justice. *Coleman*, 501 U.S. at 724.

In this case, Banks has not met either standard. His appeal was quashed because he refused to report to prison as ordered and remained at large throughout the appeal. He now claims that he contracted

---

[1] "The fact that [Banks's] counsel filed a Notice of Appeal during the appeal period is of no moment. [Banks] could not resurrect his appellate rights because he failed to return to the court's jurisdiction prior to the expiration of the appeal period." *Commonwealth v. Doty*, 997 A.2d 1184 (Pa. Super. Ct. 2010) (citing *Commonwealth v. Deemer*, 705 A.2d 827, 829 (Pa. 1997)).

COVID-19 "during the appeal process" and "fax[ed] over documents to the courthouse" to that effect. He further claims that "multiple attempts to reach [his attorney's office] went unanswered," and cites unspecified "lack of response from jail authorities, internal affairs, and the courthouse." None of these claims are supported by evidence. Moreover, even if Banks believed he could belatedly "fax over documents" in lieu of reporting to prison, or that he was entitled to maintain an appeal as a fugitive under those circumstances, those mistaken beliefs would not constitute cause for procedural default. *See Cristin v. Brennan*, 281 F.3d 404, 419 (3d Cir. 2002) (petitioner's "ignorant or inadvertent" failure to pursue an appeal does not constitute cause). He has not explained why he failed to file a PCRA petition before seeking federal habeas relief, so his unsupported claims of attorney negligence during his direct appeal would also be insufficient. *See Gonzalez v. Superintendent Graterford SCI*, 655 F. App'x 96, 101-102 (3d Cir. 2016).

Nor does the record suggest substantial prejudice or a fundamental miscarriage of justice. In brief, Banks contends that Staciann Miller, his former partner and the victim's mother, "fabricate[d] false allegations" and "manipulate[d] evidence" that led to his criminal charges and

conviction. Before trial, Banks emailed a video to police which allegedly showed Miller "threatening [Banks] to sell" their joint home, apparently as evidence of Miller's animus against him. (Doc. 21). Banks contends that Miller subsequently deleted the video from Banks's computer, and his counsel requested that the police produce the video. However, on the day of trial, counsel agreed that his discovery motion should be dismissed as moot because the officer no longer had access to the video, which was sent via link to a Google Drive that had expired: "There is not a copy made that was saved, so there is nothing to turn over to us." (Doc. 22-1 at 3-4 (Trial Tr., Jul. 8, 2022)).

In this petition, Banks claims that his trial counsel was "ineffective" and "negligent" with respect to the lost video.[2] However, he has not shown "substantial disadvantage" from this alleged error, nor offered evidence of his actual innocence. He apparently contends that Staciann Miller's

---

[2] Banks's claims that a witness made "false accusations" (Ground #2) and had "unauthorized access" to his files (Ground #3) are not themselves grounds from which a federal court could grant habeas relief. *See* 28 U.S.C. § 2254(d). His claim that his "unawareness of [his prior bench] warrant raises concerns about due process" (Ground #5) is not cognizable because (among other issues) he is not presently being detained under the bench warrant. *See Orie v. Sec'y Pennsylvania Dep't of Corr.*, 940 F.3d 845, 850 (3d Cir. 2019); Pa. R. Crim. P. 150(A).

testimony could have been discredited by evidence of the dispute between them, but he was permitted to testify to that dispute. *See* (Doc. 22-2 at 42-44). Moreover, Banks does not account for the victim's own testimony, which described the charged incidents in detail, and which was corroborated in part by the victim's grandmother. *See* (Doc. 22-1 at 22-50). Although Banks claims that other evidence against him was "fabricated" and "manipulated," he does not explain these allegations.[3] On this record, the Court is unable to consider the merits of Banks's procedurally defaulted claims and must dismiss the petition.[4]

---

[3] Banks may be referring to photographs introduced at trial that were recovered from his own Google account. Staciann Miller identified these as photographs of Banks with his penis exposed in various areas of their home, which Banks "couldn't confirm" because a face was not visible. *See* (Doc. 22-2 at 8-10, 40-41; Doc. 22-3 at 1-3). This dispute would not indicate Banks's actual innocence or any other basis for habeas relief.

[4] Given that Banks recently filed a PCRA petition, the Court has considered whether his habeas petition could be stayed pursuant to *Heleva v. Brooks*, 581 F.3d 187 (3d Cir. 2009). However, Banks has not requested a stay, and he does not meet the prerequisites for a stay acknowledged in *Heleva*. Banks has not shown "good cause" for his failure to exhaust; his ineffective assistance of counsel claims do not appear to have merit, and his other claims are not cognizable in federal habeas proceedings; and his prior fugitive status undercuts any finding of a "lack of intentionally dilatory litigation tactics." *See Heleva*, 581 F.3d at 192 (citing *Rhines v. Weber*, 544 U.S. 269, 278 (2005)).

## IV. CONCLUSION

For the foregoing reasons, Banks's petition will be denied. Because he has not demonstrated "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), no certificate of appealability will issue. *See Buck v. Davis*, 137 S. Ct. 759, 773-75 (2017); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). An appropriate order follows.

Dated: September 23, 2025

*s/Joseph F. Saporito, Jr.*
JOSEPH F. SAPORITO, JR.
United States District Judge